UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CURTIS JAMES RUMSEY,

        Petitioner,

v.                                         Case No. 22-cv-27-pp

CHRISTOPHER BUESGEN,

        Respondent.

---

## ORDER SCREENING *HABEAS* PETITION

---

On January 10, 2022, the petitioner, who is incarcerated at Stanley Correctional Institution and is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 2018 conviction for repeated sexual assault of a child. Dkt. No. 1. The petitioner paid the $5.00 filing fee. This order screens the petition, allows the petitioner to proceed and orders the respondent to answer or otherwise respond.

**I.    Background**

The petition refers to Milwaukee County Case No. "17CF2105." Dkt. No. 1 at 2. The court has reviewed the publicly available docket for that case. See State v. Curtis James Rumsey, Milwaukee County Case No. 2017CF002105 (available at https://wcca.wicourts.gov). It reflects that on February 20, 2018, a Milwaukee County jury found the petitioner guilty of repeated sexual assault of a child. Id. On April 23, 2018, the circuit court sentenced the petitioner to

1

thirty years of initial confinement followed by twelve years of extended supervision. Id. The clerk entered judgment two days later. Id.

On July 29, 2019, Attorney Angela Kachelski filed a no-merit appeal on the petitioner's behalf in the Wisconsin Court of Appeals. Id. Ten and a half months later, the court of appeals rejected Attorney Kachelski's no-merit report and dismissed the no-merit appeal without prejudice. Id. On October 21, 2020, the petitioner filed a motion for postconviction relief in the circuit court. Id. Six months later, the court denied relief. Id. On July 1, 2021, Attorney Kachelski filed another no-merit appeal. Id. On September 10, 2021, the court of appeals discharged Attorney Kachelski as the petitioner's attorney, converted the petitioner's no-merit appeal to a direct appeal and instructed the petitioner to tell the court whether he wanted to pursue or voluntarily dismiss his direct appeal. Id. A month later, the court dismissed the appeal under Wis. Stat. Rule 809.18. Id.

On October 12, 2021, the petitioner filed a motion for postconviction relief in the circuit court. Id. A month later, the court denied relief. Id. On November 30, 2021, the petitioner filed a notice of appeal. Id.

On January 10, 2022, the petitioner filed this federal *habeas* petition.

## II. Rule 4 Screening

### A. Standard

Rule 4 of the Rules Governing Section 2254 Cases provides:

If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must

2

order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view of the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only the exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may be unable to consider the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

3

B.  <u>Analysis</u>

The petition asserts several grounds for relief: (1) violations of the petitioner's rights to due process, equal protection and effective assistance of counsel because "his postconviction counsel continued to represent [him] after the Court of Appeals denied her no-merit report," dkt. no. 1 at 5; (2) "cumulative deficiencies" violated his right to effective assistance of counsel and a fair trial, <u>id.</u> at 7; and (3) prosecutorial misconduct, <u>id.</u> at 8.

The petitioner alleges claims that are generally cognizable on federal *habeas* review. See <u>Olvera v. Gomez</u>, 2 F.4th 659, 671 (7th Cir. 2021) (considering an ineffective assistance of trial counsel claim on *habeas* review); <u>Thompson v. Vanihel</u>, 998 F.3d 762, 767 (7th Cir. 2021) (considering an ineffective assistance of appellate counsel claim on *habeas* review); <u>Promotor v. Pollard</u>, 628 F.3d 878, 888 (7th Cir. 2010) (considering a due process claim on *habeas* review); <u>Baer v. Neal</u>, 879 F.3d 769, 781 (7th Cir. 2018) (considering a prosecutorial misconduct claim on *habeas* review); <u>Gacho v. Wills</u>, 986 F.3d 1067, 1071 (7th Cir. 2021) (considering on *habeas* review a claim based on the right to a fair trial); <u>Brown v. Jones</u>, 978 F.3d 1029, 1034 (7th Cir. 2020) (considering an equal protection claim on *habeas* review).

Conceding that some—if not all—of his grounds for relief are unexhausted, dkt. no. 1 at 8-13, the petitioner argues that "exhaustion should be excused because circumstances exist that render the state-corrective process ineffective to protect the rights of the petitioner" under 28 U.S.C. §2254(b)(1)(B)(i), <u>id.</u> at 37-48. The court has concerns about that argument,

4

and about exhaustion and procedural default based on the publicly-available state court docket. But exhaustion and procedural default are affirmative defenses. At this early stage, the court does not have the benefit of a full record, and cannot say that it plainly appears from the face of the petition that the petitioner is not entitled to relief on his stated grounds. The court will allow the petitioner to proceed and order the respondent to answer or otherwise respond.

### III.  Conclusion

The court **ORDERS** that the petitioner may proceed on the grounds stated in his *habeas* petition.

The court **ORDERS** that within sixty days the respondent must answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue.

If the respondent files an *answer* to the petition, the petitioner should not object to that answer. Instead, the court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files his answer to file a brief in support of his petition (in this brief, the petitioner should explain why he believes the court should grant him the *habeas* relief he requests);

5

(2) the respondent has forty-five days after the petitioner files his initial brief to file the respondent's brief in opposition to the petition; and

(3) the petitioner has thirty days after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion (such as a motion to dismiss the petition), the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within forty-five days of the date on which the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within thirty days of the date the petitioner files the opposition brief.

The parties must submit their pleadings in time for the court to *receive* them by the deadlines stated above.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, the court will notify the Wisconsin Department of Justice (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The Department of Justice will inform the

6

court within twenty-one days from the date of the NEF whether the Department of Justice will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent).

The Department of Justice will provide the pleadings to the respondent on whose behalf the Department has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 26th day of May, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**