**CURTIS JAMES RUMSEY,**

    Petitioner,

    v.                                                  Case No. 22-CV-27

**CHRISTOPHER BUESGEN,**

    Respondent.

## DECISION AND ORDER GRANTING MOTION TO DISMISS AND DENYING PETITION FOR WRIT OF HABEAS CORPUS

    Curtis James Rumsey, a prisoner in Wisconsin custody, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Rumsey was convicted of repeated sexual assault of a child and was sentenced to forty-two years, consisting of thirty years of initial confinement followed by twelve years of extended supervision. (Docket # 1.) Rumsey alleges that his conviction and sentence are unconstitutional. The respondent moves to dismiss Rumsey's habeas petition on the grounds that Rumsey's appeal is still pending before the Wisconsin Court of Appeals and thus he has failed to exhaust his claims before the state courts. (Docket # 9.) For the reasons stated below, the respondent's motion to dismiss is granted and the petition for writ of habeas corpus will be denied and the case dismissed.

## BACKGROUND

    Rumsey was charged in Milwaukee County Case No. 2017CF2105 with repeated sexual assault of a child. (Ex. to Resp. Mot. to Dismiss, Docket # 11-2 at 28.) On February 20, 2018, a jury found Rumsey guilty (*id.* at 20), and he was sentenced on April 23, 2018 (*id.* at 16–17). On May 3, 2018, Rumsey filed a notice of intent to pursue postconviction relief.

(*Id.* at 16.) A copy of Rumsey's notice of intent, the court record sheet, and the judgment of conviction were forwarded to the State Public Defender's Office on May 7, 2018. (*Id.*) The Wisconsin Court of Appeals twice extended the deadline for the State Public Defender to appoint counsel and order transcripts. (*Id*. at 15–16.) On January 3, 2019, the court of appeals extended Rumsey's deadline to file a postconviction motion or notice of appeal until February 4, 2019. (*Id.* at 14.) On February 7, 2019, the court of appeals ordered that Rumsey's deadline to file a postconviction motion or notice of appeal was extended until sixty days after the Wisconsin Supreme Court released a decision resolving *State v. Trammell*, No. 2017AP1206. (*Id.*)

On July 29, 2019, Attorney Angela Conrad Kachelski filed an appointment order from the State Public Defender's Office, along with a motion to extend time to file a no-merit report. *State v. Rumsey*, Appeal No. 20196AP001372, *available at* https://wscca.wicourts.gov. Attorney Kachelski was granted an extension until forty-five days from the date the record was filed with the court. Attorney Kachelski filed a no-merit report on October 2, 2019, and Rumsey filed a response on November 1, 2019. *Id.* Attorney Kachelski filed a supplement to her no-merit report on November 18, 2019, and Rumsey filed an additional response on December 4, 2019. *Id.*

In reviewing the record, the court of appeals identified a potential issue counsel failed to address in the no-merit report. *State v. Rumsey*, Appeal No. 20196AP001372 (June 10, 2020), *available at* https://wscca.wicourts.gov. On April 7, 2020, the court of appeals

2

ordered Attorney Kachelski to either file a second supplemental no-merit report by June 5, 2020 or move to voluntarily dismiss the appeal in favor of an extension of time for filing a postconviction motion. *Id.* In response, Attorney Kachelski indicated that the no-merit conclusion was no longer appropriate and that a postconviction motion should be filed in the circuit court. *Id.* As such, on June 10, 2020, the court of appeals dismissed the no-merit appeal without prejudice and extended the time in which to file a postconviction motion to sixty days after the remittitur was issued. *Id.*

On October 21, 2020, a postconviction motion for a new trial was filed challenging the trial court's failure to make the necessary findings under Wis. Stat. § 908.08(3) when admitting the victim's statement and arguing that trial counsel was ineffective for failing to object. (Docket # 9-1 at 2.) The court of appeals granted several motions to extend time for the circuit court to decide Rumsey's postconviction motion, and the motion was ultimately denied on April 12, 2021. (Docket # 11-2 at 9.)

On April 30, 2021, Attorney Kachelski moved to withdraw as appointed counsel, and on May 3, 2021, the court of appeals extended the deadline for filing a notice of appeal until July 2, 2021. (*Id.*) On May 5, 2021, the court ordered Rumsey to indicate within twenty days how he wished to proceed, specifically, whether he wished to proceed *pro se*. (*Id.*) Attorney Kachelski's motion to withdraw was held in abeyance pending Rumsey's ordered response. (*Id.*) Rumsey requested Attorney Kachelski file another no-merit appeal, which she did on July 1, 2021. (*Id.* at 8.) The court denied her motion to withdraw as

3

appointed counsel. (*Id.* at 9.) However, on August 18, 2021, Rumsey requested that Attorney Kachelski withdraw from representation. (*Id.* at 7.) On September 10, 2021, the court of appeals discharged Attorney Kachelski as counsel for Rumsey, converted the no-merit appeal to a direct appeal, and ordered Rumsey to state no later than October 11, 2021 whether he wished to proceed with a direct appeal or whether he wished to voluntarily dismiss the appeal and request an extension to file a postconviction motion in the circuit court. (*Id.* at 6.)

Rumsey elected to dismiss his direct appeal and pursue postconviction relief in the circuit court, filling a *pro se* postconviction motion on October 12, 2021. (Docket # 1 at 16.) Rumsey also filed a supplemental motion to appoint counsel. (Docket # 11-2 at 5.) In his motion for postconviction relief, Rumsey alleged cumulative errors by trial counsel and prosecutorial misconduct. (Docket # 1 at 17.) The trial court denied Rumsey's motion on November 8, 2021. (*Id.* at 16–26.) Rumsey filed a *pro se* notice of appeal on November 30, 2021 (Docket # 11-2 at 5), commencing *State v. Rumsey*, Appeal No. 2021AP002056, *available at* https://wscca.wicourts.gov.

Approximately one month later, on January 5, 2022, Rumsey filed the present petition for a writ of habeas corpus in this Court. (Docket # 1.) In the petition, Rumsey raises three grounds for habeas relief: (1) ineffective assistance of postconviction counsel; (2) ineffective assistance of trial counsel; and (3) prosecutorial misconduct. (*Id.* at 5–8.) Rumsey acknowledges in his petition that he has not exhausted any of the grounds in his petition;

however, he asserts that the available state court remedy is ineffective to protect his rights. (*Id.*)

In the interim, Rumsey's appellate court proceedings have continued. On February 8, 2022, Rumsey requested an extension of time to file his brief-in-chief, until May 2, 2022, which was granted. *State v. Rumsey*, Appeal No. 2021AP002056, *available at* https://wscca.wicourts.gov. The State requested an extension until July 5, 2022, which was also granted. *Id.* Rumsey then requested an extension until August 19, 2022 to file his reply brief, which was granted; however, Rumsey ultimately filed his brief on August 4, 2022. *Id.* As of the date of this decision, the appeal is listed as pending and "awaiting assignment" before the Wisconsin Court of Appeals. *Id.*

## ANALYSIS

Generally, a federal court may not entertain a petition from a prisoner being held in state custody unless the petitioner has exhausted his state remedies. 28 U.S.C. § 2254(b)(1)(a). A claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The petitioner must invoke one complete round of the normal appellate process, including seeking discretionary review before the state supreme court. *McAtee v. Cowan*, 250 F.3d 506, 508–09 (7th Cir. 2001).

Again, Rumsey acknowledges that he has *not* exhausted his state court remedies. (Docket # 1 at 5, 7, 9.) In fact, the issues Rumsey now raises in his federal habeas petition—

5

ineffective assistance of trial and postconviction counsel and prosecutorial misconduct—are the very issues he raised in his appeal of the trial court's decision denying his motion for postconviction relief and on which he is currently awaiting decision from the Wisconsin Court of Appeals. (Ex. 4 to Resp. Mot. to Dismiss, Docket # 11-4.) The federal habeas statute, however, qualifies the exhaustion rule with some exceptions. A petitioner need not exhaust his state court remedies if there is "an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." *Id.* § 2254(b)(1)(B)(i)–(ii). It is these exceptions that Rumsey argues justify excusing the exhaustion requirement in his case.

Rumsey points to several circumstances specific to his case that he asserts should excuse exhaustion. First, Rumsey argues he has shown the state courts have engaged in excessive delay in providing him appellate process. Second, Rumsey argues that he was constructively denied effective postconviction counsel on his state appeal. And third, he argues that the state's postconviction procedures are generally ineffective, calling them "capricious, inconsistent, and confusing" and arguing that he is at risk of having any relief he may receive from the court of appeals reversed on procedural grounds. (Docket # 10 at 14.) I will address each argument in turn.

    1.    *Excessive Delay*

Ramsey argues that the state's postconviction process is ineffective to protect his rights because he has been "stuck" in the state court's corrective process for over four years

6

without appellate review of the merits of his case. (Docket # 10 at 6.) Rumsey relies principally on the Seventh Circuit's recent decision in *Carter v. Buesgen*, 10 F.4th 715 (7th Cir. 2021) in support of his position.

In *Carter*, petitioner filed a notice of intent to pursue postconviction relief with the Wisconsin circuit court on July 25, 2017. *Id.* at 718. The State Public Defender's Office promptly assigned him counsel. *Id.* After that, however, "stagnation soon followed." *Id.* The clerk and court reporter took ten months to locate and share the trial transcripts that Carter's counsel requested—a step that should have been completed in sixty days. *Id.* Then, on the deadline to file the Wis. Stat. § 974.02 postconviction motion, Carter's counsel requested an extension. *Id.* Carter's counsel would go on to request a total of seven extensions, which the court of appeals granted "in rote fashion." *Id.*

As such, "[t]rapped by his counsel's recurring extension requests and what he saw as the complicity of the Wisconsin courts in the ongoing delay, Carter turned to federal court," *id.*, filing a petition for writ of habeas corpus under § 2254. While Carter's habeas petition was pending in federal court, the Wisconsin Court of Appeals extended counsel's deadline five more times. *Id.* at 719. On September 28, 2020, the district court dismissed Carter's petition for failure to exhaust. *Id.* While the district court noted that the delay in Carter's postconviction process was "inordinate" because it had been more than three years after judgment of conviction with no movement, the district court directed Carter to "give the Wisconsin courts a final chance to act." *Id.*

7

The district court's order spurred some action, as counsel finally filed Carter's postconviction motion with the trial court on the final extended deadline of November 24, 2020. *Id.* The delay continued, however, as the trial court then requested and was given three extensions of the sixty-day deadline to issue a decision on a postconviction motion found in Wis. Stat. § 809.30(2)(i). *Id.* at 720. By the time the Seventh Circuit issued its decision on August 18, 2021, the trial court *still* had until October 11, 2021, more than four years after Carter's July 2017 conviction, in which to decide his postconviction motion. *Id.*

The Seventh Circuit concluded that Carter's state court remedies were ineffective to protect his rights. The court noted that:

> From the day Carter filed his § 2254 petition to the day the district court entered its dismissal order, the Wisconsin Court of Appeals extended the deadline for counsel to file a § 974.02 postconviction motion five more times. By our tally, then, Carter's counsel filed twelve consecutive extension requests, collectively pushing the deadline to file the motion to November 24, 2020. And, as best we can tell, not once has the Wisconsin Court of Appeals—or any other Wisconsin court for that matter—recognized that Carter's case has been stalled for over four years.

*Id.* at 719. Rumsey argues the delay in his case is similarly inordinate. He cites the *Carter* court's statement that "a miscarriage of justice occurs when a convicted prisoner must wait four years for appellate review," (Docket # 10 at 4, quoting *Carter*, 10 F.4th at 724), and asserts that by the time he receives the court of appeals' decision, he will have been stuck in the state's direct appeal process for over five years (*id.*).

Rumsey's case, however, is inapposite. As the *Carter* court explained, under Wisconsin's postconviction review process, the first avenue of relief available to a convicted

8

prisoner is a "postconviction motion" filed under Wisconsin Statute § 974.02. 10 F.4th at 717. Thus, in most instances, "the § 974.02 postconviction motion operates as a prerequisite to accessing the state's direct appeal process." *Id.* at 718. In Carter's case, because of postconviction counsel's twelve consecutive extension requests, Carter could not even *begin* the appellate process until over three years after filing his notice of intent to pursue postconviction relief. Then, after a postconviction motion was finally filed, likely prompted by the federal court's habeas decision, the circuit court delayed issuing a decision on the postconviction motion, with a decision set to arrive nearly a year after the postconviction motion was filed. Thus, more than four years after Carter's July 2017 conviction and sentence, he saw *no* substantive decision on the merits in his case.

Rumsey's situation is a far cry from Carter's. While as of today's date it has been more than four years since Rumsey filed his notice of intent to pursue postconviction relief, much has occurred during this time period. The court of appeals considered a fully briefed no-merit appeal in which the court found an issue of potential merit that appointed counsel missed and caused the no-merit appeal to be dismissed. Rumsey's postconviction counsel filed a postconviction motion for relief that was considered and denied by the trial court. Another no-merit appeal was commenced, and after requesting his appointed counsel withdraw, Rumsey was allowed to dismiss his appeal and pursue postconviction relief. Rumsey then filed a postconviction motion that was denied by the trial court approximately

9

one month later. And it is the appeal of this motion that is now fully briefed, awaiting decision before the court of appeals.

While there has been some delay in this case in the form of requests for extensions of time, there is no indication that Rumsey's case "is at a standstill before the Wisconsin [ ] courts" with "no signs of going anywhere anytime soon," as Carter's was. *See Carter*, 10 F.4th at 722. It is also not a situation, like Carter's, where "[e]veryone doing nothing is no longer an option." *Id.* at 723. All parties involved, whether it be the state court, Rumsey's appointed counsel, or the state's attorney, have not sat idle over the past four years. And there is no indication that Rumsey's appeal, now fully briefed before the Wisconsin Court of Appeals, will not reach a timely conclusion. Thus, Rumsey has not shown that Wisconsin's appellate process is ineffective to protect his rights due to delay.

2. *Denial of Postconviction Counsel*

Rumsey further argues that the state appellate process is ineffective to protect his rights because the state court denied him the assistance of effective postconviction counsel after the court of appeals found a potentially meritorious claim during the no-merit appeal. (Docket # 10 at 5.) Rumsey further argues that Wisconsin's no-merit process was ineffective to protect his rights because the court of appeals does not decide claims of ineffective assistance of postconviction counsel in the first instance and Attorney Kachelski would have been forced to argue her own ineffectiveness as part of the appeal. (*Id.* at 6.)

10

Rumsey has not shown that his failure to exhaust should be excused on this ground. As to his first argument, Rumsey cites *Penson v. Ohio*, 488 U.S. 75 (1988) in support of his position. (*Id.*) In *Penson*, after being found guilty by a jury, Penson was appointed counsel to represent him on appeal. *Id.* at 77. Counsel filed a document certifying that he found no errors of merit requiring reversal and requesting to withdraw as counsel. *Id.* at 78. The court of appeals entered an order allowing counsel to withdraw and permitting Penson to file a *pro se* brief, while at the same time independently reviewing the record to determine whether any potentially meritorious issues existed. *Id.* The court of appeals found several arguable claims but did not appoint new counsel. *Id.* at 79. The *Penson* Court found that the court of appeals failed to follow the procedures set forth in *Anders v. California*, 386 U.S. 738 (1967) when it allowed appellate counsel to withdraw and then failed to appoint new counsel after finding that the record supported several arguably meritorious grounds for relief. *Id.* at 81.

In Rumsey's case, however, after the court of appeals found a potentially meritorious issue in the record, Rumsey continued to be represented by Attorney Kachelski, who filed a motion for postconviction relief in state court. After the motion was denied and Attorney Kachelski subsequently moved to withdraw as appointed counsel, the state court held her motion in abeyance pending Rumsey's response as to whether he wished to proceed *pro se*. When Rumsey requested Attorney Kachelski file another no-merit appeal, the court denied her motion to withdraw as counsel and Attorney Kachelski filed another no-merit appeal on July 1, 2021. It was only after Rumsey requested that Attorney Kachelski withdraw from

11

representation did the court of appeals discharge her as counsel and allow Rumsey to proceed *pro se*.

Rumsey seems to argue that he was dissatisfied with Attorney Kachelski's representation and thus was placed in a Hobson's Choice of either sticking with counsel he disliked or proceeding *pro se* when the State Public Defender's Office refused to appoint him new counsel. (Docket # 10 at 5–8.) But the "right to counsel of choice does not extend to defendants who require counsel to be appointed for them." *United States v. Bender*, 539 F.3d 449, 454 (7th Cir. 2008) (internal citation omitted). And Attorney Kachelski's decision to file a no-merit appeal does not automatically render her representation ineffective and entitle Rumsey to new counsel.

Furthermore, Rumsey is correct that the Wisconsin Court of Appeals does not reach the merits of ineffective assistance of postconviction counsel in the first instance. But that does not mean that the state court's process is ineffective to protect Rumsey's constitutional rights. Rather, a claim for ineffective assistance of postconviction counsel must be raised in a § 974.06 motion or a state habeas petition pursuant to *State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 681, 556 N.W.2d 136, 139 (Ct. App. 1996) in the trial court of conviction. And it appears that Rumsey did raise this issue in his *pro se* § 974.06 motion; however, the trial court found that Rumsey "cannot be heard on his claim of ineffective assistance of postconviction counsel because he discharged counsel during the most recent no-merit appeal so that he could proceed *pro se* in this matter, and he was granted an extension of

time in which to file the instant motion for postconviction relief under Rule 809.30, Stats." (Docket # 11-3 at 1.) This finding is part of the trial court decision currently pending before the Wisconsin Court of Appeals. Again, Rumsey has not demonstrated that his circumstances render the state's process ineffective to protect his rights.

    3.    *General Ineffectiveness of State's Appellate Procedures*

The crux of Rumsey's final two arguments is that Wisconsin's appellate process, in general, is ineffective to protect his constitutional rights. Rumsey first argues that the state court's pleading standard in *State v. Allen*, 274 Wis. 2d 568, 682 N.W.2d 433 (2004), which articulates the requirements to obtain an evidentiary hearing on an ineffective assistance of counsel claim, violates his constitutional rights and asserts that federal courts "should not enforce such a capricious and freakishly applied state rule[]." (Docket # 10 at 10–11.) Rumsey cites *Walker v. Pollard*, No. 18-C-0147, 2019 WL 136694 (E.D. Wis. Jan. 8, 2019) in support of his argument. (Docket # 10 at 9–10.) But the Seventh Circuit has specifically noted that *Walker* has been abrogated, recently reaffirming that "[o]ur court has consistently held that *Allen* constitutes an adequate and independent state law ground, even when it is applied to federal claims regarding ineffective assistance of counsel." *Whyte v. Winkleski*, 34 F.4th 617, 628 and n.6 (7th Cir. 2022). Thus, it is unclear how the state court's pleading standard in *Allen* violates federal law.

Finally, Rumsey argues that Wisconsin's appellate review is suspect and that the Wisconsin Supreme Court "has already made it clear that they are 'interested' in preventing

13

the substantial facts of actual innocence claims from being reached using procedural bars." (Docket # 10 at 11.) In essence, Rumsey challenges Wisconsin's procedural bar found in *State v. Escalona–Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994). In *Escalona-Naranjo*, the Supreme Court of Wisconsin held that a defendant forfeits the right to raise a constitutional issue in a Wis. Stat. § 974.06 postconviction motion "that could have been raised on direct appeal or in a sec. 974.02 motion." *Whyte*, 34 F.4th at 624 (quoting *Escalona-Naranjo*, 517 N.W.2d at 164). The Seventh Circuit has held that *Escalona-Naranjo*'s bar constitutes an adequate and independent state procedural ground, which forecloses federal review. *Id.*

But the fact that Rumsey may face a procedural bar while proceeding through his state court remedies does not render the appellate process ineffective to protect his rights. As the Seventh Circuit has recognized, the "criminal appeal process in Wisconsin is unusual," stating that "Wisconsin's postconviction review process under § 974.02 is itself complex and likely unfamiliar and counterintuitive to many readers." *Carter*, 10 F.4th at 717–18. It does not follow, however, that the difficulties with the process renders it ineffective to protect criminal defendants' rights. Thus, Rumsey is not entitled to excuse his failure to exhaust on this ground.

## CONCLUSION

Generally, a petitioner cannot pursue collateral review in federal court under 28 U.S.C. § 2254 unless he has exhausted his remedies in state court. Rumsey acknowledges that he has not done so. In fact, at this time, his case before the Wisconsin Court of Appeals

14

is fully briefed and awaiting decision. While the statute does provide limited exceptions excusing the general exhaustion requirement, i.e., when there is "an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant," Rumsey has not demonstrated that either exception applies in his case. Thus, the respondent's motion to dismiss Rumsey's habeas corpus petition is granted. The petition is dismissed for failure to exhaust state court remedies.

## CERTIFICATE OF APPEALABILITY

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 and n.4).

When issues are resolved on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

15

ruling." *Id.* Each showing is a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. *Id.* at 485.

Reasonable jurists could not debate that Rumsey is not entitled to habeas relief at this juncture. Thus, I will deny Rumsey a certificate of appealability. Of course, Rumsey retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the respondent's motion to dismiss petition for writ of habeas corpus (Docket # 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**.

**IT IS ALSO ORDERED** that a certificate of appealability shall not issue.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 4th of October, 2022.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge